```
                    ____FILED   ____ENTERED
                    ____LODGED  ____RECEIVED

                         JUN 1 9 2002   DJ

                             AT SEATTLE
                      CLERK U S DISTRICT COURT
                   BY  WESTERN DISTRICT OF WASHINGTON
                                        DEPUTY
```

CV 02-1303 #1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUGH HARDAGE,<br><br>    Plaintiff,<br><br>v.<br><br>CBS BROADCASTING INC., a New York Corporation; VIACOM TELEVISION STATIONS INC., a Delaware Corporation; VIACOM BROADCASTING OF SEATTLE INC., a Delaware Corporation; and KATHY SPARKS, an individual,<br><br>    Defendants. | CV02 1303C<br><br>COMPLAINT FOR SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII AND RCW 49.60, et seq.<br><br>[JURY DEMAND] |

## I. PARTIES

1.1  Plaintiff Hugh Hardage ("Hardage") is, and has been at all times material to this Complaint, a resident of Kirkland, Washington in King County and the Western District of Washington.

1 2  Defendant CBS Broadcasting Inc. ("CBS") is a New York corporation, and does business in the Western District of Washington.

1.3  Defendant Viacom Television Stations, Inc. ("Viacom") is a Delaware corporation, and does business in the Western District of Washington.

COMPLAINT FOR SEX DISCRIMINATION AND
RETALIATION IN VIOLATION OF TITLE VII
AND RCW 49.60, et seq. - 1

ORIGINAL

393781 1/8F%D01!/022504 00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

1.4  Defendant Viacom Broadcasting of Seattle Inc. ("Viacom Seattle") is a Delaware corporation doing business in the Western District of Washington.

1.5  Defendant Kathy Sparks ("Sparks") is the Vice President and General Manager of KSTW TV ("KSTW"), a television station operated by Paramount Stations Group which is a division of Viacom, Viacom Seattle and CBS. Sparks resides in the Western District of Washington.

## II. JURISDICTION AND VENUE

2.1  This action arises under the Washington Law Against Discrimination, RCW 49.60, et seq., and 42 U.S.C. § 2000(e), et seq.

2.2  This court has federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(4), 42 U.S.C. § 1983, and 42 U.S.C. § 1988

2.3  This court has pendent/supplemental jurisdiction over the state law claims based on 28 U.S.C. § 1367(a) because Hardage's claims arise from the same operative facts and involve similar issues of law as Hardage's federal claims.

2.4  Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b) because defendants CBS, Viacom and Viacom Seattle do business in the Western District of Washington, Hardage is a resident of the Western District of Washington, all of the conduct complained of occurred in the Western District of Washington, and the claim arose in this judicial district.

2.5  Hardage timely filed a charge against defendant on January 8, 2002, alleging sex discrimination and retaliation with the Equal Employment Opportunity Commission. Plaintiff received a letter from the Equal Employment Opportunity Commission on March 22, 2002, informing him that a lawsuit against defendant alleging a violation of Title VII of the Civil Rights Act (42 U.S.C. § 2000(e), et seq.) may be filed.

COMPLAINT FOR SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII AND RCW 49.60, et seq. - 2
393781 1/8F%D011/022504 00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

2.6     At all times material to this action and Hardage's claims, Kathy Sparks was an owner or managing agent of defendants CBS, Viacom and/or Viacom Seattle. The discriminatory and wrongful actions of Sparks described below were undertaken for the benefit of defendants CBS, Viacom and/or Viacom Seattle and were taken within the scope of Sparks' authority to act for the defendants. All of Spark's actions were the actions of defendants.

### III.  PERTINENT FACTS

3.1     Hardage was employed by KSTW, a television station which is owned by defendants, from July 1998 through August 14, 2001, in the capacity of Account Executive until February 2000, and as Local Sales Manager until his constructive discharge. From late 1999 through August 14, 2001, Hardage was managed by Sparks.

3.2     Since late 1999, Kathy Sparks acted as Vice President and General Manager of KSTW. Sparks was in a supervisory capacity at the television station, and Hardage performed tasks for her until he left the employment of KSTW on August 14, 2001.

3.3     From late 1999 until August 14, 2001, on a repeated and ongoing basis, Sparks made hostile, intimidating, and unwelcome comments and sexual advances to Hardage Sparks' conduct included unwelcome touching. Hardage repeatedly rebuffed Sparks' advances, but Sparks continued her unwelcome behavior. Sparks' conduct created a hostile work environment for Hardage based upon his gender.

3.4     Hardage complained to several individuals about Sparks' behavior on more than one occasion. CBS, Viacom and Viacom Seattle were on notice and knew, or should have known, about the hostile work environment.

3.5     CBS, Viacom and Viacom Seattle management generally, failed to take prompt and appropriate remedial measures to prevent continuation of the above-described hostile work environment. By their failure to take prompt, appropriate, remedial action,

COMPLAINT FOR SEX DISCRIMINATION AND
RETALIATION IN VIOLATION OF TITLE VII
AND RCW 49.60, et seq. - 3
393781 1/8F%D011/022504 00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

management implicitly or expressly conditioned future employment and employment benefits upon the submission to the unwelcome conduct of Sparks.

3.6   In April of 2001, Hardage made a formal complaint with his direct supervisor Patricia Dean. Dean forwarded Hardage's complaint on to CBS's corporate offices in California. Hardage was contacted by Paul Falcone, an attorney for CBS, regarding his complaint. Falcone and CBS, Viacom, and Viacom Seattle failed to investigate or remedy Hardage's complaints against Sparks.

3.7   Since Hardage complained about the hostile work environment, Hardage has been subjected to retaliation, including, but not limited to, unwarranted discipline and continued hostile activities.

3.8   The ongoing harassment and retaliatory actions of CBS, Viacom, and Viacom Seattle at KSTW created an intolerable working environment and, as a result, Hardage was forced to quit, and has suffered damages as a result.

3.9   Hardage had received compensation at KSTW of $110,000/year in salary plus employee benefits and the potential for a $79,000 bonus.

3.10   As a result of the harassment and hostile environment that Hardage suffered at KSTW, Hardage has suffered emotional distress.

## IV.   INDIVIDUAL CLAIMS

Plaintiff realleges paragraphs 1.1 through 3.10 and states the following causes of action:

4.1   <u>Sex Discrimination in Violation of Title VII and RCW 49.60</u>.

Defendants CBS, Viacom, and Viacom Seattle, through their officials and agents acting in their official capacity on behalf of defendants, including defendant Sparks discriminated against Hardage on the basis of his sex, in willful violation of Title VII RCW 49.60.180 as follows:

COMPLAINT FOR SEX DISCRIMINATION AND
RETALIATION IN VIOLATION OF TITLE VII
AND RCW 49.60, et seq. - 4
393781 1/8F%D01!/022504 00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

1   (a)   By maintaining a hostile work environment at his place of employment due to the unwelcome conduct of Sparks and the failure of defendants' management to take prompt, appropriate remedial measures to eliminate the hostile work environment;

(b)   By applying alleged employment policies to Hardage in an unfair and disparate manner;

(c)   By implicitly or expressly conditioning future employment and employment benefits upon the submission to the unwelcome conduct of Sparks; and,

(d)   By wrongfully (constructively) discharging Hardage by deliberately making working conditions intolerable for him, such that a reasonable person in his position would be forced to quit.

4.2   <u>Retaliation In Violation of Title VII and R.C.W. 49.60, et. seq.</u>

Defendant retaliated against Hardage, in willful violation of Title VII (42 U.S.C. §2000(e), et seq.), RCW 49.60.210, RCW 49.48.010 et seq., and RCW 49.52.010 et seq., as follows:

(a)   By subjecting Hardage to unfair criticism and greater scrutiny of his work because of his opposition to Sparks' unlawful and discriminatory conduct; and,

(b)   By engaging in intimidating, hostile, and uncooperative conduct towards him because of his opposition to Sparks' unlawful and discriminatory conduct.

(c)   By wrongfully (constructively) discharging Hardage by deliberately making working conditions intolerable for him, such that a reasonable person in his position would be forced to quit.

## V.   DAMAGES

5.1   As a result of defendant's discriminatory and wrongful conduct described in paragraphs 3.1 through 4.2 above, plaintiff Hardage has sustained the following damages, in amounts which will be established at the time of trial:

COMPLAINT FOR SEX DISCRIMINATION AND
RETALIATION IN VIOLATION OF TITLE VII
AND RCW 49.60, et seq. - 5
393781 1/8F%D01'/022504 00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

(a) Lost past and future wages, benefits, and income (back pay and front pay);

(b) Out-of-pocket expenses;

(c) Emotional distress;

(d) Punitive damages;

(e) Litigation expenses; and

(f) Actual attorney's fees.

## VI. REQUEST FOR RELIEF

Plaintiff requests that the court enter judgment against defendants CBS, Viacom, Viacom Seattle and Sparks as follows:

6.1 Awarding plaintiff the full amount of his claimed damages in amounts to be established at trial;

6.2 Awarding plaintiff double the amount of any damages sustained for lost wages and benefits, pursuant to RCW 49.52.070;

6.3 Awarding plaintiff punitive damages in the highest amount authorized by law, pursuant to the Civil Rights Act of 1991, and RCW 49.60.030;

6.4 Awarding plaintiff prejudgment interest on any award for lost wages and benefits at the highest rate of interest permitted by Washington law;

6.5 Awarding plaintiff his statutory costs and fees,

6.6 Awarding plaintiff his actual and reasonable attorney fees and litigation expenses under RCW 49.60 et seq., RCW 49.48 et seq., and RCW 49.52 et seq. and 42 U.S.C. §2000(e);

6.7 Awarding plaintiff post-judgment interest on any damages award;

6.8 Awarding plaintiff damages to compensate for any adverse tax consequences; and,

COMPLAINT FOR SEX DISCRIMINATION AND
RETALIATION IN VIOLATION OF TITLE VII
AND RCW 49.60, et seq. - 6
393781 1/8F%D01/022504 00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

1    6.9    Awarding plaintiff such other and further relief as the court deems just and
2  equitable.
3        DATED this 18 day of June, 2002.

SHORT CRESSMAN & BURGESS PLLC

By _____
Claudia Kilbreath, WSBA No. 23144
Alex J. Rose, WSBA No. 29474
Attorneys for Plaintiff

COMPLAINT FOR SEX DISCRIMINATION AND
RETALIATION IN VIOLATION OF TITLE VII
AND RCW 49.60, et seq. - 7
393781 1/8F%D01 1/022504 00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333