The Honorable John C. Coughenour

CC TO JUDGE DJ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUGH HARDAGE, <br><br> Plaintiff, <br><br> v. <br><br> CBS BROADCASTING INC., a New York Corp.; VIACOM TELEVISION STATIONS, INC., a Delaware Corp.; VIACOM BROADCASTING OF SEATTLE INC., a Delaware Corp.; and KATHY SPARKS, an individual, <br><br> Defendants. | NO. CV02-1303C <br><br> **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PAST SEXUAL BEHAVIOR AND PRIOR DRUG USE** <br><br> **NOTE ON MOTION CALENDAR: AUGUST 8, 2003** |

## I. RELIEF REQUESTED

Through the discovery process, the Defendants have elicited personal information from Plaintiff Hugh Hardage ("Plaintiff") and other witnesses that is wholly unrelated to the issues in this case. Plaintiff moves the Court for an order in limine which prohibits the Defendants from introducing any evidence, examining any witnesses, or making any comments at trial concerning the following subject matters:

1. Plaintiff's sexual history, conduct, and behavior; and

2. Plaintiff's prior use of drugs.

The Court should exclude this evidence on the following grounds:

1. The evidence is irrelevant;

MOTION IN LIMINE
(CV02-1303C) - 1
457056.2/9CVP01!/022504.00001

ORIGINAL

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

2. Evidence pertaining to the sexual conduct of a claimant is expressly prohibited by Federal Rule of Evidence (FRE) 412;

3. The evidence is inadmissible character evidence under FRE 404 as it is an attempt to show that the Plaintiff is a "bad" person; and

4. The probative value is outweighed by unfair prejudice, jury confusion and considerations of undue delay and waste of time under FRE 403.

## II. FACTS

Plaintiff Hugh Hardage is a 38-year-old single man who was hired in August 1998 as an Account Executive for KSTV, an affiliate of CBS Broadcasting, Inc. The Plaintiff's claims of sexual harassment, retaliation, and constructive discharge stem from an ongoing series of unwanted and inappropriate sexual advances and unwelcome comments and threats made by Defendant Kathryn Sparks, a 48-year-old single woman, who at the time was the Vice President/General Manager of the Station. This abuse continued from Easter 2000 until his resignation (constructive discharge) in August of 2001.

Through the discovery process, the Defendants have acquired irrelevant and inflammatory information regarding the details of the Plaintiff's private life. These details include the names of women who he dated and the length of those relationships, personal e-mails he sent to and received from his male and female friends, social events he attended unrelated to work, such as parties, the names of friends with whom he socialized, personal conversations of a sexual nature he had with his male friends, personal stories conveyed to his friends regarding his sexual conduct while on personal travel, and his recreational use of marijuana during his off-work hours. Much of this information has no relevance at all to his employment with KSTV and is not probative of the claims in this case.

The Defendants' questioning of the Plaintiff and other witnesses suggests that the Defendants intend to try to impugn the Plaintiff's character by introducing the aforementioned information. These personal details, except as they relate directly to his employment at KSTV, should not become the focus of the trial.

MOTION IN LIMINE
(CV02-1303C) - 2
457056.2/9CVP011/022504.00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

## III. LEGAL ARGUMENT

It is within the sound discretion of the court to make evidentiary rulings to exclude evidence. In making such rulings, courts have considerable latitude in performing the necessary balancing tests. *Tennison v. Circus Circus Enters.*, 244 F.3d 684, 688 (9th Cir. 2001). An appellate court will not disturb or reverse these evidentiary rulings in the absence of a clear showing of an abuse of discretion. *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 927-28 (9th Cir. 2000).

### A. The Evidence Sought to be Excluded is Not Relevant.

Evidence may only be admitted at trial if it is relevant. FED. R. EVID. 401. While courts have broad discretion in determining whether issues are relevant, a defendant has no right to present evidence that is irrelevant. *United States v. Torres*, 937 F.2d 1469, 1473 (9th Cir.1991), *cert. denied*, 502 U.S. 1037, 112 S.Ct. 886, 116 L. Ed. 2d 789 (1992).

This case concerns the Plaintiff's treatment while employed at KSTV and his reaction to that treatment. Both direct and indirect evidence, examination, and argument concerning other matters should not be admitted. Accordingly, evidence concerning the Plaintiff's sexual history and conduct, sexual predisposition, personal relationships and social behavior to the extent that they are used by the Defendants with an intent to prove sexual predisposition, and use of drugs, is simply not relevant to the claims in this case and should be excluded on that ground. As one court noted,

> [The conduct] of a plaintiff in other settings, such as at home, should not be routinely admitted in cases charging sexual harassment in the work place. Indeed, a court should be careful not to allow one party to a lawsuit to pry so far into the private and personal life of the other party that the litigation itself becomes a tool of abuse and harassment and thus victimizes the latter party in the very manner that Title VII seeks to prohibit.

*Cronin v. United Serv. Station*, 65 FEP Cases 815, 819 (M.D. Ala. 1992).

Evidence presented of these matters to a jury would further victimize the Plaintiff by forcing him to expose his private life and reveal the private lives of others regarding matters that have no relevance in this case. Such personal details should be excluded.

MOTION IN LIMINE
(CV02-1303C) - 3
457056.2/9CVP01!/022504.00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

B. **Evidence Concerning Plaintiff's Sexual Predisposition, Behavior, and Conduct is Inadmissible Under FRE 412.**

1. **Plaintiff's Dating History, Sexual Conduct, and Personal Relationships Constitute Inadmissible "Sexual Predisposition" and "Sexual Behavior" Evidence**

Federal Rule of Evidence (FRE) 412[1] bars evidence offered to prove a victim's sexual behavior and alleged sexual predisposition. The Rule "applies in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or *sexual harassment*." FED. R. EVID. 412, Advisory Committee Note (emphasis added). The Rule was amended to expand the protection afforded alleged victims of sexual misconduct by, among other things, restricting the ability of a defendant to introduce evidence of a victim's sexual behavior or predisposition in a sexual harassment case. As the Advisory Committee Notes state:

> Rule 412 applies to both civil and criminal proceedings. The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and by the infusion of sexual innuendo into the fact finding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.
>
> Rule 412 seeks to achieve these objectives by barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence of [sic] for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim.

FED. R. EVID. 412.

---

[1] The following is an excerpt of pertinent statutory language:

**Rule 412.** **Sex Offense Cases; Relevance of Alleged Victim's Past Sexual Behavior or Alleged Sexual Predisposition.**

(a) **Evidence generally inadmissible.** - The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

(1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.

(2) Evidence offered to prove any alleged victim's sexual predisposition.
MOTION IN LIMINE
(CV02-1303C) - 4
457056.2/9CVP01!/022504.00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

FRE 412's definition of "sexual behavior" and "past sexual behavior" embraces - and excludes - *all* activities involving actual physical conduct (i.e., sexual intercourse and sexual contact) other than the conduct at issue in the sexual harassment claim. FED. R. EVID. 412, Advisory Committee Note. *See, e.g., United States v. Galloway*, 937 F.2d 542 (10th Cir. 1991), *cert. denied*, 113 S.Ct. 418 (1992) (use of contraceptives inadmissible since use implies sexual activity); *United States v. One Feather*, 702 F.2d 736 (8th Cir. 1983) (birth of an illegitimate child inadmissible). The word "behavior" is sufficiently broad to comprise non-physical contact as well, including "activities of the mind, such as fantasies and dreams." FED. R. EVID. 412, Advisory Committee Note. *See*, 23 C. WRIGHT AND K. GRAHAM, R., FEDERAL PRACTICE AND PROCEDURE, § 5384 (1980). Furthermore, "past sexual behavior" extends to all such acts of the alleged victim, both prior to the sexual harassment at issue as well as subsequent to it, but prior to trial. *Torres*, 937 F.2d at 1472.

In addition to excluding "past sexual behavior," FRE 412 also excludes any evidence that is used to prove a Plaintiff's sexual predisposition. As the Advisory Committee Notes state, the Rule bars:

> all other evidence relating to an alleged victim of sexual conduct that is offered to prove sexual disposition ... [including] evidence that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the factfinder. Admission of such evidence would contravene Rule 412's objectives. ... Consequently, unless the (b)(2) exception is satisfied, *evidence* such as that *relating to the alleged victim's mode of dress, speech, or lifestyle will not be admissible*[2].

FED. R. EVID. 412, Advisory Committee Note (emphasis added). The intent of the Rule's drafters with regard to a Plaintiff's sexual predisposition was "to exclude evidence that may have a *sexual*

---

[2] **(b) Exceptions -**

(1) In a criminal case, ...

(2) In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim.

MOTION IN LIMINE
(CV02-1303C) - 5
457056.2/9CVP01!/022504.00001

1  *connotation.*" *Arno v. Club Med, Inc.*, 1995 WL 380124, at *3 (N.D. Cal. June 22, 1995) (emphasis
2  added).

3        The Plaintiff anticipates that the Defendants will try to introduce evidence of the Plaintiff's
4  past sexual history or conduct, including a chronicle of his dating experiences, the physical nature
5  of his personal relationships (including touching, caressing, stroking, and other benign
6  demonstrations of affection) and his social behavior (including his frequenting of bars and
7  restaurants with "social scenes," his easy familiarity and "chumminess" with women, his playful
8  banter, and innocent flirting), as a means to portray the Plaintiff as "promiscuous," "sexually
9  open,""immoral," or"Casanova-like," and, therefore, someone who implicitly invited hostile or
10  discriminatory treatment from the Defendants. Such evidence, if offered to prove the Plaintiff's
11  sexual conduct, behavior, or predisposition, falls squarely within the ambit of Rule 412. As is clear
12  from FRE 412 and the commentary provided in the Advisory Committee Notes, such evidence is
13  improper and should be excluded.

14/15      **2.  The Evidence Should be Excluded under FRE 412 Because the Probative Value of the Evidence Does *Not* Substantially Outweigh the Danger of Harm or Unfair Prejudice**

16        Evidence offered under FRE 412 to demonstrate the sexual predisposition of the alleged
17  victim or to prove that the alleged victim engaged in other sexual behavior is barred unless the
18  probative value of the evidence outweighs the danger of harm to the alleged victim and of unfair
19  prejudice to any party. FED. R. EVID. 412. The introduction of such evidence is clearly the
20  exception to the Rule, and is appropriate only where such evidence necessarily goes to the heart of
21  the alleged victim's claims.

22        The requirements for admissibility under FRE 412 are quite different from, and more
23  stringent than, the traditional balancing test that exists under FRE 403. There are three significant
24  differences between the two evidentiary rules. First, FRE 412 reverses the ordinary burden of proof,
25  placing the burden on the proponent (the Defendants in this case) to demonstrate the admissibility
26  of the evidence. Second, FRE 412 significantly heightens the threshold for admission by requiring

MOTION IN LIMINE
(CV02-1303C) - 6
457056.2/9CVP01!/022504.00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

that the *probative value* of the evidence *substantially outweighs the danger of admitting it*.[3] Finally, as noted above, a court contemplating admission of evidence pursuant to FRE 412 must consider "harm to the victim" in addition to prejudice. FED. R. EVID. 412, Advisory Committee Note.

The Defendants have the burden of establishing that evidence pertaining to the Plaintiff's personal and private life meets the stringent criteria of FRE 412's balancing test. The Defendants, however, cannot meet their burden with respect to any of the evidence the Plaintiff seeks to exclude because they cannot establish that the probative value of evidence pertaining to the Plaintiff's sexual history or conduct, or of his past relationships and social behavior if used to prove sexual predisposition, *substantially* outweighs the harm and prejudice that the Plaintiff would suffer.

Under FRE 412, a Plaintiff's personal conduct that is unrelated to the workplace or co-workers is irrelevant evidence in a sexual harassment case. *See* FED. R. EVID. 412, Advisory Committee Note, *citing Burns v. McGregor Elec. Indus., Inc.,* 989 F.2d 959, 962-63 (8th Cir. 1993) (posing for a nude magazine is irrelevant to the issue of unwelcomeness of sexual advances at work). Additionally, courts have held that the probative value of an alleged victim's private sexual life or sexual sophistication to the welcomeness of harassing behavior in the workplace does *not* substantially outweigh prejudice to the victim. *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1105 (9th Cir. 2002); *see also Wood v. State of Alaska,* 957 F.2d 1544, 1554 (9th Cir. 1992) (evidence of victim having shown defendant her *Penthouse* photographs and discussing her pornographic acting experiences was not highly probative and was properly excluded as the risk of confusion and prejudice was substantial). The Second Circuit further clarified this issue, stating that

> [w]hether a sexual advance was welcome, or whether an alleged victim in fact perceived an environment to be sexually offensive, does not turn on the private sexual behavior of the alleged victim, because a [man's] expectations about [his] work environment cannot be said to change depending upon [his] sexual sophistication.

*Wolak v. Spucci,* 217 F.3d 157, 160 (2d Cir. 2000).

---

[3] Compare FRE 403, where the opponent of the evidence has the burden of proving that its "probative value is substantially outweighed by the danger of unfair prejudice, ..."

MOTION IN LIMINE
(CV02-1303C) - 7
457056.2/9CVP01!/022504.00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

An employer also cannot seek to introduce evidence of a personal or private nature regarding the alleged victim as a means to limit the amount of emotional distress damages in a sexual harassment case:

> Defendants also argue that plaintiffs' sexual conduct has a bearing on damages. Defendants note that plaintiffs' alleged damages are limited to psychological and emotional damages. Defendants argue that those damages require an inquiry into the sexual behavior of the plaintiffs because sexually promiscuous people are less likely to be offended by sexual harassment, and thus less damaged, than those who are less sexually active. Although defendants' argument has a persuasive ring, this court does not agree. Past sexual conduct does not, as defendants would argue, create emotional calluses that lessen the impact of unwelcomed sexual harassment. The fact that the plaintiffs may welcome sexual advances from certain individuals has absolutely no bearing on the emotional trauma they may feel from sexual harassment that is unwelcome. Past sexual conduct does not callous one to subsequent, unwelcomed sexual advancements. This court cannot condone a wholesale inquiry into the past sexual conduct of the plaintiffs under such a theory.

*Mitchell v. Hutchings*, 116 F.R.D. 481, 484-85 (D. Utah 1987).

Evidence of the Plaintiff's past sexual history or conduct, and of his past relationships or social behavior *if used to prove the Plaintiff's sexual predisposition*, including who he dated, with whom he flirted, and with whom he had social contact, is evidence that implies or is meant to imply sexual conduct. This evidence, whether elicited through direct or indirect testimony, violates the intent of and commentary to FRE 412, is clearly inadmissible, and should be excluded.

**C.  Much of the Evidence Sought to be Excluded is "Character" Evidence and Inadmissible under FRE 404.**

Much of the evidence the Plaintiff seeks to exclude is essentially character evidence. Evidence of a person's character or a trait of character is not admissible for the purpose of proving an action in conformity therewith on a particular occasion, except in three specific instances, none of which applies here.[4] FED. R. EVID. 404(1).

---

[4] In particular circumstances, character evidence may be introduced to prove conduct of an accused or victim in a criminal case; character evidence may also be introduced pursuant to rules 607, 608, or 609 only if probative of a witness' character for truthfulness or untruthfulness. Specific instances of conduct of a witness, other than conviction of a crime, may not be proved by extrinsic evidence. FED. R. EVID. 608(b), 609. Evidence of specific acts not subject to criminal conviction may not be introduced to impeach witness credibility. *See*, Comment to Federal Rule of Evidence 404.

MOTION IN LIMINE
(CV02-1303C) - 8
457056.2/9CVP011/022504.00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

1. **Evidence Regarding the Plaintiff's Prior Drug Use is Inadmissible Under FRE 404.**

The Plaintiff has smoked marijuana but not during working hours nor at work-related functions. This evidence is inadmissible because evidence of other crimes, wrongs or acts is similarly inadmissible to prove the character of a person in order to demonstrate action in conformity therewith. FED. R. EVID. 404(b). A court must exclude evidence of a witness' use of illegal drugs if the defendants offer such evidence for the sole purpose of staging a general attack on the character of that witness. *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987). Considerable danger exists regarding a witness' use of drugs for it may so prejudice the jury that the jury will unduly discount the witness' testimony. *Id.* Consequently, while drug use may be probative of the ability of the witness to recall or relate specific events, drug use is inadmissible unless the "memory or mental capacity of the witness is *legitimately* at issue." *Id.* (emphasis added).

2. **Evidence Regarding Plaintiff's Sexual Behavior is Inadmissible Under FRE 404.**

The Plaintiff anticipates that the Defendants will seek to introduce evidence concerning the Plaintiff's sexual history and conduct, personal relationships and social behavior as a means to prove his sexual predisposition, and use of drugs to convince a jury that because the Plaintiff acted in a particular way outside of work and with regard to other individuals unconnected with this case, he must have acted in the same way at work. Introduction of such evidence by the Defendants would be blatantly inappropriate as it is designed to serve only one purpose: to undermine the Plaintiff's claims of sexual harassment, retaliation, and constructive discharge, and to convince a jury to make its decision based upon whether it "likes" or "dislikes" the Plaintiff's conduct. This is precisely the type of evidence that FRE 404 and 412 were designed to prohibit.

D. **The Evidence Sought to be Excluded is Inadmissible under FRE 403.**

FRE 403 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste or time, or needless presentation of cumulative evidence.

MOTION IN LIMINE
(CV02-1303C) - 9
457056.2/9CVP01!/022504.00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

1  FED. R. EVID. 403.

2  Evidence is unfairly prejudicial if it "appeals to the jury's sympathies, arouses a sense of
3  horror, provokes the instinct to punish," or otherwise "may cause the jury to base its decision on
4  something other than the established propositions of the case." *United States v. Skillman*, 922 F.2d
5  1370, 1374 (9th Cir. 1990), *cert. denied*, 502 U.S. 922, 112 S.Ct. 353 (1991), *quoting* 1 J.
6  WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE, ¶ 403[03], at 403-36 to 403-39 (1989 ed.). FRE
7  403 should be used to exclude evidence in furtherance of justice where, as here, there is a danger that
8  collateral issues will distract or confuse the jury and waste valuable time. FRE 403's major function
9  is to exclude matters of limited probative value "dragged in by the heels for the sake of its prejudicial
10 effect." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000), *cert. denied*, 530 U.S. 1268,
11 120 S.Ct. 2733 (2000). Admission of any evidence sought to be excluded by this motion
12 would be unfairly prejudicial and would in no way be offset by any probative value. The Plaintiff's
13 past relationships, sexual history or conduct, social behavior, and use of drugs are all highly charged
14 issues ripe with the potential to unduly - and because they are irrelevant, improperly - influence a
15 jury. Introduction of this evidence would constitute an unwarranted and embarrassing intrusion into
16 the details of the Plaintiff's private life as well as the lives of those individuals the Defendants choose
17 to target. Additionally, there is no contention that the Plaintiff used drugs while at work or that his
18 memory or mental capacity are at issue because of such use. Evidence of any alleged drug use
19 should similarly be excluded as irrelevant and highly prejudicial.

20 Furthermore, the introduction of evidence and the cross-examination of the Plaintiff and other
21 witnesses at trial concerning such matters would cause undue delay in the proceedings and the jury's
22 resolution of the claims. The admission of evidence pertaining to the personal details of the
23 Plaintiff's life would likely result in the conduct of mini-trials regarding the Plaintiff's sexual history
24 and conduct, past relationships and social behavior as a means for the Defendants to establish the
25 Plaintiff's sexual predisposition, and drug use. The jury's attempts to sort fact from fiction would
26 waste considerable time and delay their ability to resolve the central issue of the case, which is the

MOTION IN LIMINE
(CV02-1303C) - 10
457056.2/9CVP01!/022504.00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

Plaintiff's treatment by his employers and his reaction to that treatment. Accordingly, the aforementioned evidence should be excluded under FRE 403.

## V. CONCLUSION

The evidence the Plaintiff seeks to exclude by this motion should be excluded from the trial of Plaintiff's claims of sexual harassment, retaliation, and constructive discharge. The Plaintiff respectfully requests that the court grant the Plaintiff's Motion in Limine prohibiting the Defendants from introducing any evidence, whether directly through testimony or examination of the Plaintiff or other witnesses, or indirectly through documentary records, arguments or statements to the jury, should be granted.

DATED this ___ day of July, 2003.

SHORT CRESSMAN & BURGESS PLLC

By _____
Claudia Kilbreath, WSBA #23144
Alex J. Rose, WSBA #29474
Attorneys for Plaintiff

MOTION IN LIMINE
(CV02-1303C) - 11
457056.2/9CVP01!/022504.00001

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333